**Paul PEPPER, et al.**

v.

**James PLAISANCE, d/b/a Plaisance Inspection and Enterprises, et al.**

**Civ. A. No. 88–5292.**

United States District Court, E.D. Louisiana.

Dec. 14, 1989.

William S. Watkins, Houma, La., for plaintiffs.

Christopher H. Riviere, Thibodaux, La., for Plaisance Inspection and Enterprises.

G. Edward Merritt, New Orleans, La., for Lennard Pipelines, Inc.

John C. Tollefson, Bien venu, Foster, Ryan & O'Bannon, New Orleans, La., for Scottsdale Ins. Co.

## ORDER AND REASONS

LIVAUDAIS, District Judge.

The motion of defendant, Scottsdale Insurance Company, for summary judgment was taken under submission on a prior date.

### I.  FACTS

Paul Pepper and his wife, Pam, filed this suit for personal injuries which he allegedly sustained while working aboard a pipe laying barge owned by defendant, Lennard Pipeline, Inc. (hereinafter "Lennard"). Plaintiffs have sued Lennard, plaintiff's employer, James Plaisance, d/b/a Plaisance Inspection and Enterprises (hereinafter "Plaisance"), Aetna Casualty and Surety Company (hereinafter "Aetna"), Plaisance's general maritime and Jones Act insurer and Scottsdale Insurance Company (hereinafter "Scottsdale"), Plaisance's comprehensive general liability insurer. Lennard has cross-claimed against Plaisance and Aetna and has third-partied Scottsdale, asserting that Plaisance assumed liability for the incident under an indemnity agreement, that Aetna and/or Scottsdale provided contractual liability coverage to Plaisance for damages and/or that Lennard was supposed to have been an additional insured in the Aetna policy and/or the Scottsdale policy.

### II.  LAW AND ANALYSIS

Scottsdale alleges that at the time of the accident Plaisance had a comprehensive general liability policy with it which solely covered land based risks. Scottsdale contends that this policy specifically excludes damages from maritime risks. Thus, Scottsdale submits that as the plaintiff's allegations are based on Jones Act negligence and unseaworthiness, Peppers' claim in respect to Scottsdale should be dismissed. Plaintiffs do not oppose this motion.

Lennard does oppose this motion. Lennard alleges that the watercraft exclusion does not apply in this matter. The exclusion provides that:

"This insurance does not apply:

(r) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, Jones Act, the Protection and Indemnity or High Seas Acts, the United States Longshoreman or Harbor Workers Act, the Outer Continental Shelf Lands Act or under any similar law or act;

(s) to BODILY INJURY to any employee of the insured arising out of and in the course of his employment by the insured, or to any obligation of the insured to indemnify another because of damages arising out of such injury, or to any obligation of the insured to indemnify another because of damage arising out of injury which would otherwise be covered by the Jones Act, the Protection and Indemnity or High Seas Act, the United States Longshoremen or Harbor Workers Act or the Outer Continental Shelf Lands Act.

Moreover, it is understood and agreed that the Broad Form Comprehensive General Liability Endorsement, L9001, is subject to the following additional exclusion under Contractual Liability Coverage 1(B):

This insurance does not apply:

(6) to BODILY INJURY or PROPERTY DAMAGE assumed under INCIDENTAL CONTRACT for actions arising from the Jones Act and amendments thereto, the Protection and Indemnity or High Seas Acts, the United States Longshoremen or Harbor Workers Act or the Outer Continental Shelf Lands Act."

**50**

Lennard contends that the Endorsement GU207 which forms part of the policy in question makes the watercraft exclusion claimed by Scottsdale inapplicable. The Endorsement GU207 provides in part:

"Exclusion (e) Coverage Part LC395a does not apply to any watercraft provided that such watercraft is neither owned by the insured nor being used to carry persons or property for a charge."

Lennard submits that the reference to "the insured" applies solely to Plaisance. However, in this matter, if Lennard is an additional insured under the policy as it alleges because it was required to be by its contract with Plaisance, then Lennard has no coverage for damages arising out of the use of its own watercraft. If it is not insured under the policy then Lennard would have no claim against the policy.

Next, Lennard argues that the maritime risk section of this policy does not negate liability for general maritime obligations. This exclusion is apparent from the terms of the policy which makes reference to "protection and indemnity" and/or the "other similar laws or acts".

Lennard's next allegation is that it should be named as an additional insured of the policy and it set forth an affiant Robert Lawson, Secretary/Treasurer of Lennard which purports to expand the contract between Lennard and Plaisance to include a provision in which Plaisance was to include Lennard as an additional insured. Even if Lennard was to be an additional insured under this policy, it has no coverage in this instance as both the maritime and watercraft exclusions would apply to restrict this policy's coverage. The watercraft exclusion LG395a provides in part in paragraph e:

This insurance does not apply:

(e) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any watercraft owned, operated by or rented by any person in the course of his employment by any insured.

Finally, Lennard contends there is a genuine issue of material fact as to the Jones Act status of the plaintiff. For the purposes of determining coverage under this policy, it makes no difference whether Pepper is a Jones Act seaman or not. There is no coverage under the policy in question for the damages which the plaintiffs allege. The plaintiffs have made no allegation that they are entitled to damages for a land based tort.

As there are no genuine issues of material facts relevant to either plaintiff's or Lennard's claims against Scottsdale, according to the record, the law and the memorandum of counsel,

IT IS ORDERED that defendant's aforementioned motion be GRANTED.